Tilghman C. J.
(After stating the case.) The counsel for the plaintiff proposed no particular point for the Court’s opinion, but contended in general, that the evidence was sufficient to support,the action: and the counsel for the defendant insisted, that it was not sufficient. Under these circumstances when a Judge comes to deliver his charge, he is necessarily but to express his opinion of the facts; nor is it-error of which the superior court can take notice, if there should have been any mistake or want of accuracy in remarking on the facts. The attention of the Judge below not being drawn by the counsel to any particular matter of law, on which an opinion is desired, may omit many pertinent observations : but yet there would not be error, unless it appeared to this Court, that the jury had been misdirected in matter of law. In the present instance the Judge expressed his opinion, that in strictness the evidence did not support the declaration : yet he left the jury at liberty to find for the plaintiff, if, under the equity of the case, they thought he deserved a verdict. This was surely as favourable a charge as the plaintiff had a right to ask. But he now complains, that the Judge did not expressly tell the jury, that they might find for the plaintiff if they should be of opinion, that there was fraud or mistake in drawing the agreement between the plaintiff and Jacob Smith. The Judge told the jury, that as to the three bills which had not been put in suit against Matthews, and which, upon a further and more close investigation might perhaps yet be recovered, he did not see how the verdict could be for the plaintiff: and in this, I think he was clearly right. As to the other bill which had been put in suit, and in which a verdict had been given for Matthews, he considered the matter as extremely doubtful, and left it to *468 the determination of the jury on the evidence j at the sametime declaring his own inclination, in favour of the defendant, I can perceive no error in point of law in this, charge* The matter was so compounded of fact and law, that the Judge had a right to, leave the whole to the jury, unless the counsel had separated some particular point from the general: mass, and required the Court’s opinion on it., Upon, the whole I am ®f opinion, that the judgment should he affirmed,
Yeates J, was sick and absent.
Gibbon J.
By the express stipulation, of the- parties, the-defendant was. to be answerable for the solvency of Matthews. and for nothing else. This is an attempt to render him liable beyond the terms and meaning of his contract, and to cast on. him a risk which the plaintiff agreed to. take on himself. Unless there were a false representation,, or fraudulent con. cealment of some material fact, by the defendant, when these single biffs were paid away, the plaintiff is. concluded by his own contract* A mere misconception of the parties is not sufficient to dispense with the contract;. for here they must have contemplated, the existence ©f other risks than the solvency of Matthezvs, and these, if they -were considered as a ground of responsibility, ought to have been expressly provided for. There can be no implied engagement carrying, the liability of either party beyond the terms, of an express, contract, where one exists, f therefore do not well understand what is meant by the Judge who tried the cause, when, he speaks of a legal and equitabl.e obligation, and. intimates,, that the latter might, under circumstances, be a ground of a.ction distinct from the former, in an action of assumpsit, where the consideration may be gone into, (and on account of which, Chancery will not entertain a bill for relief as being unnecessary,) whatever is equity is also law, if the meaning was that a naked moral obligation is, under any circumstances, sufficient to maintain this form of action, it was an error, but one that must have operated, if at. all, in favour of the plaintiff, it could,, therefore, make no. difference as to the defendant, on what ground Matthews was exonerated from the payment of the single bills ; the defendant’s engagement extending only to, his solvency. But it is alleged,, the Judge- did net,, as, he ought to- have done, have to, the jury to. *469 inquire whether the agreement had not been obtained by fraud. It is very certain if the plaintiff had been cheated,.' he might treat the express contract as a nullity, and sustain his action for the original, price of the property sold. Rut of this there was. not a particle of evidencenor does it appear the counsel put the cause to the Court on the ground of fraud at all. If on this head the evidence had been in anywise doubtful, it would have been proper for the Judge to, instruct the jury as to, the effect of fraud in case they were of opinion it existed:, but this he was not hotrod to; do, unless, the point had. been made, and. his. opinion on it required j. much less so where there could be no, suggestion of fact on which to ground the principle, which it is contended he ought to,have applied to the evidence.. The judgment must he affirmed.
Judgment affirmed.